The TAYLOR REED CORPORATION, Plaintiff,

v.

MENNEN FOOD PRODUCTS, INC., American Home Products Corporation, Defendants.

The TAYLOR REED CORPORATION, Plaintiff,

v.

Frederick C. MENNEN, Defendant.

Civ. Nos. 2682, 2821.

United States District Court
N. D. Indiana,
South Bend Division.

Jan. 11, 1963.

Blair & Buckles, Stamford, Conn., Jones, Obenchain, Johnson, Ford & Pankow, South Bend, Ind., for plaintiff.

Eugene C. Knoblock, of Oltsch & Knoblock, South Bend, Ind., for defendants.

GRANT, Chief Judge.

These patent cases were filed on January 20, 1960, and December 28, 1960, respectively, and arose out of an alleged infringement by defendant of plaintiff's patent No. 2,673,805, which was issued on March 30, 1954 and covers an expansible package made of aluminum foil in which popcorn can be popped. Since both suits involved identical issues, one being brought against Mennen Food Products, Inc., and the other against the President of Mennen Food Products, Inc., individually, by pre-trial order of December 15, 1961, these cases were consolidated for the purpose of trial.

This trial was had on January 3rd, 4th, 5th, and 8th, 1962, plaintiff appearing by Messrs. John C. Blair and Robert H. Ware of the firm of Blair and Buckles, Stamford, Connecticut, and Mr. Roland Obenchain of South Bend, Indiana, and defendant appearing by Mr. Eugene C. Knoblock of the firm of Oltsch & Knoblock, South Bend, Indiana.

After the trial, on June 7, 1962, plaintiff filed a Motion, pursuant to Rule 25(c) of the Federal Rules of Civil Procedure, to join American Home Products Corporation as a defendant in this consolidated action. American Home Products Corporation, by its attorney, Mr. Eugene C. Knoblock, filed a special appearance for the purpose of opposing the Motion.

Counsel agreed, by statements made in the briefs supporting and opposing the Motion, that American Home Products Corporation had acquired substantially all of the assets of Mennen Food Products, Inc., including the business of Mennen Food Products, Inc., relating to the manufacture and sale of popcorn packages. It was also agreed that American Home Products Corporation, by its American Home Foods Division, is now engaged in the manufacture and sale of popcorn packages within this District, at LaPorte, Indiana.

On July 24, 1962, after a hearing, this Court granted the plaintiff's Motion to Join American Home as an additional party defendant. At that time American Home was given thirty (30) days within which to submit any matter concerning the merits of the litigation.

It was stipulated and agreed between the parties at the conclusion of the trial that the issues would be decided by the Court on the basis of written briefs and final argument would be waived. Briefs were filed on February 23, March 14, April 13 and May 12, 1962, and after careful consideration of the printed record, the many exhibits and the fine briefs, this Court now enters the following Findings of Fact, Conclusions of Law and Judgment.

## FINDINGS OF FACT

1. Plaintiff, The Taylor Reed Corporation, is a Connecticut corporation, having its principal place of business at Glenbrook, Connecticut.

2. Defendant, Mennen Food Products, Inc., is an Indiana corporation, having its principal place of business at LaPorte, Indiana.

3. Defendant, Frederick C. Mennen, is the President of the defendant Mennen Food Products, Inc., and is a resident of the State of Indiana.

4. Defendant, American Home Products Corporation, is a Delaware corporation, having its principal office in New York City, and is now engaged in the manufacture and sale of "Jiffy Pop", in LaPorte, Indiana.

5. Defendant, American Home Products Corporation, acquired substantially all of the assets of Mennen Food Products, Inc., including the business of

Mennen Food Products, Inc., relating to the manufacture and sale of "Jiffy Pop".

6. Defendant, American Home Products Corporation, assumed the obligations, liabilities and commitments of defendant, Mennen Food Products, Inc., concerning the claims of patent infringement made by plaintiff, The Taylor Reed Corporation, in the instant consolidated action.

7. Plaintiff is the owner of U. S. Patent No. 2,673,805, issued March 30, 1954 to Benjamin W. Colman, having secured this patent by purchase from the Mitchell Chemical Company of Detroit, Michigan, who, in turn, had secured the patent from Top-Pop Products Co., the assignee of Mr. Colman, upon its dissolution.

8. Colman Patent No. 2,673,805, discloses a novel, expansible package for storing, displaying, cooking, serving and disposing of popcorn.

9. Plaintiff's product has been sold, since July, 1954, under the name "E-Z Pop".

10. Defendant's product has been sold, since October, 1959, under the name "Jiffy Pop".

11. Plaintiff's commercial product embodies the device disclosed in Patent No. 2,673,805.

12. During the prosecution of the patent application for Patent No. 2,673,-805, the inventor, Mr. Colman, cancelled fifteen (15) claims previously submitted and substituted therefor the single claim that was subsequently granted.

13. The prior art then before the Patent Office did not show, disclose, or suggest an expansible package with a cover arrangement that required Mr. Colman to limit his claim to an expansible package with a cover "arranged concavely" to avoid, or distinguish his invention from, the prior art.

14. Mr. Colman did not insert the words "arranged concavely" in his claim to distinguish any prior art package in order that his claim might be allowed.

15. The Patent Office Examiner did not require Mr. Colman to use the words "arranged concavely" in his claim to distinguish any prior art package in order that the claim might be allowed.

16. The prior art fails to show any kind of an expansible cooking package.

17. The Spencer and Welch patents, No. 2,480,679 and No. 2,495,435, respectively, both show transparent packages for heating or cooking food in a special, radio-frequency oven.

18. Both Spencer and Welch were considered by the Patent Office during the prosecution of Mr. Colman's application.

19. In the light of 35 U.S.C. § 282, neither Spencer nor Welch disclose, suggest or anticipate Colman.

20. Fisher Patent No. 2,674,536, shows a sealed metal food tray with a flat foil cover for warming or reheating frozen food before serving.

21. Fisher's cover is described by the patent as capable of slight rising to accommodate the vaporization of moisture upon reheating.

22. The Fisher patent fails to disclose or suggest Colman's unfurling, ballooning cover, nor does Fisher's incidental expansion serve any useful purpose.

23. The Fisher patent does not disclose, suggest or anticipate Colman in any way.

24. Calvert and Waters, Patents No. 2,293,589 and 2,380,134 respectively, both show rubber hydrochloride sacks for packaging food products and having dead space for thermal expansion of the contents during sterilization in boiling water.

25. Calvert and Waters both fail to disclose, suggest or anticipate Colman in any way.

26. MacCordy Patent No. 2,166,501 shows a crinkled metal milk bottle cap.

27. MacCordy fails to disclose, suggest or anticipate Colman in any way.

28. Geake and Bergerioux Patents No. 1,575,567 and 2,208,744 respectively, both show collapsible tubes for toothpaste or shaving cream.

29. Geake or Bergerioux both fail to disclose, suggest or anticipate Colman in any way.

30. All of the above discussed prior art fail to disclose, suggest or anticipate Colman in toto or in part to those skilled in the food packaging art.

31. Colman's popcorn package was novel and useful and at the time of his invention it was not obvious to a person having ordinary skill in the art.

32. Defendant's "Jiffy Pop" package and the plaintiff's "E-Z Pop" package each incorporate the following elements of the Colman invention as defined in the patent claim:

"A package of popcorn in which the same is prepared for consumption consisting of a metallic vessel

"an expansible, inflatable metallic cover for said vessel conjoined thereto at their peripheral edges,

"and popcorn and a frying fat contained in said vessel under said cover

\* \* \* \* \* \*

"said cover adapted to expandibly inflate upon popping of said popcorn and to form an enlarged, expanded enclosure in a convex form with said vessel for said popped corn, and said cover consisting of a quantity of material sufficient to form upon inflation an enclosure with said vessel several times the initial volume contained between said vessel and said cover."

33. The only element of the Colman claim that is lacking in the "Jiffy Pop" package is "said covering being arranged concavely in said vessel over said popcorn and fat."

34. The "Jiffy Pop" package does not have a concave cover.

35. The "Jiffy Pop" package has an expandible cover that, although arranged flat, under the outside cover, performs the same function as the "E-Z Pop" expandible cover and in the same manner.

36. The "Jiffy Pop" expandible cover and the "E-Z Pop" expandible cover do the same work in substantially the same way and accomplish substantially the same result.

37. The "Jiffy Pop" package has an expandible cover that, although arranged flat, under the outside cover, is the equivalent of the "E-Z Pop" cover.

38. A concave cover is not an essential part of the Colman invention and any shape of cover, i. e. concave, flat or convex would work as well.

39. The defendants' "Jiffy Pop" package performs the same functions in the same way and accomplishes the same results as Colman's patented popcorn package.

40. The Colman patent provides a full, clear, concise and exact teaching of the invention and it particularly points out and distinctly claims the Colman invention.

41. The words "Jiffy Pop" and "E-Z Pop" are clearly distinguishable in appearance, sound and meaning.

42. A purchaser would not be confused by these two (2) trade marks.

43. The similar terms found on both "Jiffy Pop" and "E-Z Pop" are not used in any way to assist in identification of the products, nor are they used in the same arrangement or in the same position on the packages.

44. The cooking instructions, though quite similar, appear on the back of the cover of the "Jiffy Pop" package and are, therefore, not seen by a purchaser prior to the opening of the package for popping.

45. The use of these similar cooking instructions was discontinued by defendants in, approximately, April, 1960.

46. Defendant Mennen's letter to the Reynolds Metal Company was a cautionary one in nature and merely informed Reynolds of possible involvement if litigation should result over defendant's patented wire handle.

47. Defendants did not copy various phrases from plaintiff's package for the purpose of benefiting from the public

reputation and good will of plaintiff's "E-Z Pop" package.

48. Defendants' package is quite different in appearance from plaintiff's package and the similarities of language are descriptive and functional and do not entail appropriation of any material as to which a secondary meaning of origin has been established.

49. This action was not brought by the plaintiff in bad faith.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the parties and the subject matter herein.

2. The claim of the Colman patent, No. 2,673,805 is not limited to a device with a "concavely arranged" cover through the doctrine of file wrapper estoppel.

3. The Colman patent is valid, being neither anticipated nor suggested by the prior art cited by the defendants or considered by the Patent Office.

4. Defendants' expandible cover is the equivalent of the Colman expandible cover.

5. Defendants' "Jiffy Pop" popcorn packages infringe the Colman Patent No. 2,673,805.

6. The defendants have committed no acts of unfair competition.

7. There has been no wilful appropriation of plaintiff's patent as would entitle plaintiff to threefold damages under 35 U.S.C. § 284.

8. Plaintiff is not entitled to attorneys' fees in this action.

9. This action was brought by the plaintiff in good faith.

10. Plaintiff is entitled to judgment of injunction, damages and costs in accordance with the Findings of Fact and the Conclusions of Law here set forth.

## JUDGMENT

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1: Defendants, Mennen Food Products, Inc., American Home Products Corporation and Frederick C. Mennen, and all persons controlled by them or in privity with them, or any one of them, be forever enjoined and restrained from further infringing or contributing to the infringement of U. S. Letters Patent No. 2,673,805.

2: Plaintiff shall have judgment of damages as determined by an accounting by a Master hereinafter to be appointed, to whom the matter shall be referred with taxable costs against the defendants.

3: Plaintiff is invited to submit to the Court and to the defendants, a proposed form of Order which would include, in blank, the appointment of a Master and the definition of the scope of his inquiry.